| | |
|---|---|
| 1 | BERTRAM FIELDS (SBN 024199)<br>BFields@GreenbergGlusker.com |
| 2 | AARON L. GAFNI (SBN 253176)<br>AGafni@GreenbergGlusker.com |
| 3 | DANIEL G. STONE (SBN 265397)<br>JGeller@GreenbergGlusker.com |
| 4 | JOSHUA GELLER (SBN 295412)<br>JGeller@GreenbergGlusker.com |
| 5 | GREENBERG GLUSKER FIELDS CLAMAN &<br>MACHTINGER LLP |
| 6 | 1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California  90067-4590 |
| 7 | Telephone:  310.553.3610<br>Fax:  310.553.0687 |

Attorneys for Defendant and Counterclaimant
INTERZAN LLC d/b/a
ROMEO AND JULIET Couture

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE INDUSTRIES, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO & JULIETTE, INC., a California Corporation; LORD & TAYLOR LLC, a Delaware Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.  2:16-cv-03317-TJH-JC<br><br>[Assigned To:  Hon. Terry J. Hatter]<br><br>**INTERZAN LLC d/b/a ROMEO AND JULIET COUTURE'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| INTERZAN LLC d/b/a ROMEO AND JULIET COUTURE, a Delaware limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>NUANCE INDUSTRIES, INC., a New York Corporation,<br><br>Counter-Defendant | |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Defendant and Counterclaimant Interzan LLC d/b/a Romeo and Juliet Couture ("Interzan") answers the Complaint of Nuance Industries, Inc. ("Nuance") as follows:

## I. JURISDICTION & VENUE

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Interzan denies the allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Interzan denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Interzan denies the allegations contained in paragraph 3.

## II. PARTIES

4. On information and belief, Interzan admits the allegations contained in paragraph 4 of the Complaint.

5. Interzan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies those allegations.

6. Interzan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and on that basis denies those allegations.

7. To the extent that the allegations of paragraph 7 are directed to Interzan, Interzan denies each and every allegation contained in paragraph 7 of the Complaint. The remaining allegations in paragraph 7 are not directed to Interzan and therefore no response is required. To the extent any response is required, Interzan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 7 of the Complaint and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  on that basis denies those allegations.

2      8.    To the extent that the allegations of paragraph 8 are directed to Interzan, Interzan denies each and every allegation contained in paragraph 8 of the Complaint. The remaining allegations in paragraph 8 are not directed to Interzan and therefore no response is required. To the extent any response is required, however, Interzan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 8 of the Complaint and on that basis denies those allegations.

### III. CLAIMS RELATED TO DESIGN DS16726

    9.    Interzan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies those allegations.

    10.    Interzan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis denies those allegations.

    11.    To the extent that the allegations of paragraph 11 are directed to Interzan, Interzan denies each and every allegation contained in paragraph 8 of the Complaint. The remaining allegations in paragraph 11 are not directed to Interzan and therefore no response is required. To the extent any response is required, however, Interzan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 11 of the Complaint and on that basis denies those allegations.

    12.    Interzan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis denies those allegations.

### ANSWER TO PURPORTED FIRST CLAIM FOR RELIEF

    13.    Interzan refers to their answer to paragraphs 1 through 12 of the Complaint and incorporates it by reference.

14. Interzan denies each and every allegation contained in paragraph 14 of the Complaint.

15. Interzan admits that it manufactures garments and/or is a garment vendor. Interzan admits that it has sold garments to Lord & Taylor LLC. Except as admitted herein, Interzan denies each and every other allegation contained in paragraph 15 of the Complaint.

16. Interzan denies each and every allegation contained in paragraph 16 of the Complaint.

17. Interzan denies each and every allegation contained in paragraph 17 of the Complaint.

18. Interzan denies each and every allegation contained in paragraph 18 of the Complaint.

19. Interzan denies each and every allegation contained in paragraph 19 of the Complaint.

## PRAYER FOR RELIEF

Interzan denies that Nuance is entitled to any of the relief requested, or to any relief at all.

## AFFIRMATIVE DEFENSES

As a further and separate answer to Nuance's Complaint and by way of affirmative defenses, Interzan alleges:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Nuance has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Laches)**

Nuance is barred from any relief under the doctrine of laches because it unreasonably delayed in asserting its purported claim.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Nuance has waived any right to obtain the relief sought on its purported claim.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Nuance is estopped from obtaining the relief sought on its purported claim.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Nuance is not entitled to the relief sought on its purported claim because Nuance is guilty of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Nuance's purported claim is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Unenforceability)

Nuance's purported copyright is invalid and/or unenforceable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

Nuance's purported claim is barred by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Nuance is not entitled to the relief sought on its purported claim because Nuance is using the copyright(s) at issue to violate the antitrust laws of the United States and otherwise in contravention of the purposes of U.S. copyright law.

## TENTH AFFIRMATIVE DEFENSE

### (Forfeiture or Abandonment)

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Nuance's purported claim is barred to the extent that it has forfeited or abandoned its intellectual property.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

To the extent Interzan infringed any of Nuance's copyrights—which Interzan denies—such infringement was innocent and not willful.

## TWELFTH AFFIRMATIVE DEFENSE
### (Actions of Others)

To the extent that Nuance was damaged as alleged in its Complaint, those damages were caused by itself or by third parties, and not by Interzan.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

Nuance is not entitled to the relief sought on its purported claim because, by its actions and/or omissions, Nuance materially breached the Settlement Agreement between Interzan and Nuance, as described in the Counterclaims set out below.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent and Ratification)

Nuance acknowledged, ratified, consented to and acquiesced in the alleged acts and omissions of Interzan.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

Nuance's purported claim is barred because Nuance has acted in bad faith for improper purposes with respect to the subject matter of the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Interzan reserves the right to assert further affirmative defenses as they may become known through the course of discovery or otherwise.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

78267-00002/2815208.1                    6                    INTERZAN LLC'S ANSWER AND COUNTERCLAIMS

## COUNTERCLAIMS

Counterclaimant Interzan LLC d/b/a Romeo and Juliet Couture ("Interzan") alleges as follows:

## INTRODUCTION

This case involves a textile company reneging on a binding settlement agreement with its customer in order to extract undeserved payments for itself and its attorney. Counter-Defendant Nuance Industries, Inc. ("Nuance") entered into a binding settlement agreement with Interzan in which Nuance agreed to dismiss the claims at issue in the above-captioned suit. Now, months after the parties entered into that settlement agreement, Nuance has amended this suit to add Interzan as a party, and is demanding new and onerous terms far outside the scope of the parties' agreement. Nuance's repudiation of the parties' settlement agreement was done in bad faith, in order to secure additional payments for itself and its attorney outside the scope of the settlement agreement.

Interzan brings this action against Nuance and Does 1 through 10, inclusive, (collectively "Counter-Defendants") for breach of contract.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Interzan's Counterclaim under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391 and because Counter-Defendants have consented thereto.

## PARTIES

3. Counterclaimant Interzan is a Delaware limited liability company. Interzan is a manufacturer, designer, and retailer of high-end garments.

4. On information and belief, Nuance is a New York corporation.

5. The true names and capacities of Does 1 through 10 ("Doe Counter-Defendants") are unknown to Interzan, which, therefore, sues these defendants by such fictitious names. Interzan will amend the Counterclaims to show the true

1  names and capacities of the Doe Counter-Defendants when they have been
2  ascertained.  Interzan is informed and believes, and based thereon alleges, that the
3  Doe Counter-Defendants, and each of them, were responsible in some manner for
4  the acts herein alleged and are liable to Interzan therefor.

5    6. Interzan is informed and believes, and based thereon alleges, that all
6  of the Counter-Defendants in this action are now, and at all times material hereto
7  were, the agents of one another and that each of them ratified or authorized the
8  conduct of one another, and acted in concert with each other, in doing the things
9  alleged in the Counterclaims.

## FACTUAL ALLEGATIONS

11    7. In or about February 2017, David Shamouelian ("Shamouelian"), the
12  CEO of Interzan, met with Samy Nimroody ("Nimroody"), the CEO of Nuance, to
13  discuss a dispute between Interzan and Nuance relating to a fabric design that
14  Nuance purports to own, which Nuance refers to as DS16727 (the "Design").

15    8. In a series of meetings in February 2017, Shamouelian and Nimroody
16  orally agreed to a binding settlement agreement through which Nimroody, on
17  behalf of Nuance, agreed to release Interzan for any claims relating to the Design
18  (the "Settlement Agreement").

19    9. In exchange for this release (and the dismissal of any legal claims
20  against Nuance relating thereto), Interzan agreed to purchase $250,000 worth of
21  fabric from Nuance.

22    10. Interzan agreed to purchase this fabric at fair and customary industry
23  prices, and to complete its purchases within a reasonable period of time.

24    11. Shamouelian, as CEO of and representing Interzan, understood that
25  the parties had a binding agreement.

26    12. However, several weeks later, Nuance, by and through its attorneys,
27  sent a document purporting to be a "proposed" settlement agreement.

28    13. Nuance's purported proposal contained numerous terms that the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

parties never discussed, let alone agreed to, including (1) an $18,000 payment to Nuance's attorneys in addition to the $250,000 commitment to Nuance, (2) an unreasonable deadline of September 1, 2017 by which Interzan would be required to purchase the $250,000 of fabric, (3) a penalty that Interzan must pay if it did not purchase the fabric by that unreasonable deadline, and (4) a going-forward royalty payment on garments sold by Interzan.

14. Nuance's purported proposal constituted an attempted repudiation of the parties' binding Settlement Agreement.

15. Nuance has continued to prosecute claims relating to the Design and has amended its Complaint to add Interzan as a party, in contravention of the Settlement Agreement.

16. Nuance's wrongful conduct has harmed Interzan, including by forcing Interzan to defend a baseless lawsuit regarding previously settled claims.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract—Against All Counter-Defendants)

17. Interzan realleges and incorporates by reference the allegations contained in the Introduction and paragraphs 1 through 16 of the Counterclaims as though fully set forth herein.

18. Interzan and Nuance entered into a valid and binding oral contract, in a meeting between their CEOs Shamouelian and Nimroody, settling their dispute regarding the Design.

19. Interzan fully performed under the Settlement Agreement, except to the extent that its performance was excused and/or frustrated by Nuance's repudiation and/or breach of the Settlement Agreement.

20. Nuance breached the Settlement Agreement by, among other things, repudiating the Settlement Agreement and refusing to dismiss its claims against Interzan relating to the Design.

21. Interzan was harmed by Nuance's breach, including to the extent that

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 Interzan has been forced to defend itself against claims for which Nuance agreed to
2 release Interzan.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief—Against All Counter-Defendants)

22. Interzan realleges and incorporates by reference the allegations contained in the Introduction and paragraphs 1 through 21 of the Counterclaims as though fully set forth herein.

23. An actual and present controversy has arisen between the parties as to whether the parties have a binding Settlement Agreement resolving the claims raised in Nuance's Complaint.

24. A declaration by the Court is necessary so that the parties can know their respective rights and obligations. In particular, Interzan requests a declaration that the Settlement Agreement is valid and enforceable, and that the Settlement Agreement constitutes a binding release of the claims brought against Interzan in Nuance's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment as follows:

1. That Nuance take nothing by way of its Complaint, that it obtain no relief whatsoever and that judgment be entered in favor of Interzan;

2. For damages according to proof at trial;

3. For a declaration that the Settlement Agreement is valid and enforceable, and constitutes a binding release of the claims brought against Interzan in Nuance's Complaint;

4. For costs of suit, including reasonable attorneys' fees incurred herein; and;

5. For such other and further relief as the Court may deem just and proper.

DATED: June 20, 2017

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Joshua Geller*
 JOSHUA GELLER (SBN 295412)
 Attorneys for Defendant and
 Counterclaimant INTERZAN LLC d/b/a
 ROMEO AND JULIET COUTURE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

78267-00002/2815208.1

11

INTERZAN LLC'S ANSWER AND
COUNTERCLAIMS

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant and Counterclaimant Interzan demands a trial by jury on all issues so triable.

DATED: June 20, 2017
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Joshua Geller*
JOSHUA GELLER (SBN 295412)
Attorneys for Defendant and
Counterclaimant INTERZAN LLC d/b/a
ROMEO AND JULIET COUTURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

78267-00002/2815208.1                12                INTERZAN LLC'S ANSWER AND COUNTERCLAIMS